HENRY BROWN *v.* ALEXANDER MAYS AND WIFE.

**Guardian and Ward—Manner of Making Settlement.**

> Statement of manner of making settlement by a joint owner of accounts and guardian.

**Husband and Wife—Support of Step-child.**

> A step-father can not charge the estate of his step-child with the cost of support of the step-child, where he voluntarily assumed the burden, unless the pecuniary condition of the step-father and of the step-child required it.

APPEAL FROM WASHINGTON CIRCUIT COURT.

January 6, 1873.

OPINION BY JUDGE PRYOR:

The commissioner, in making a settlement of the accounts of Brown as guardian, should first deduct from the purchase price of the land the amount allowed the widow as of the date of the sale, viz., $213, also all the costs and expenses of the suit incurred by and allowed the guardian. On the balance is to be computed the interest until the maturity of the last note, and this interest added to the principal gives the aggregate amount due by the guardian to his ward at the time the last note fell due. From this should be deducted any expenses incurred by the guardian in the clothing, education, etc., up to that time. Interest should then be charged against the guardian, making biennial accounts until his removal as guardian and the appointment of Rathburn, crediting him by the amounts paid for the ward. In making the settlement the commissioner should be directed to exclude entirely therefrom any account or items for board charged by or allowed either guardian.

The aggregate amount of each year's expenses should be deducted from the accrued interest, that is, the interest accruing in any one year should be credited by the expenditures for that year.

Rathburn intermarried with the mother of Mrs. Mays in a few years after the death of her first husband, and his domestic relations were then such as precluded him from charging or exacting board of the infant child unless his pecuniary condition required it. The mother and stepfather were entitled to her custody and also her services, and, having had both, should have contributed to her support. Valuable services were rendered by the daughter from the age of twelve until her marriage. The petition alleges that Rathburn owned a farm and had ample means to support the mother and her offspring. The answer only denies that he had any means of supporting her. Upon this subject there is no proof introduced by either party. The relation he assumed towards the child upon his marriage with the mother will prevent the chancellor from making him an allowance for the board of the daughter, when he voluntarily assumed the burden, unless the pecuniary condition of the child authorized it, or the impoverished condition of the stepfather demanded it.

The only witnesses who speak of the services of Mrs. Mays say that they were worth not only her board, but her clothing also. Brown should not have been credited by any board paid for the ward, without charging Rathburn, who wrongfully received it, with having that amount in his hands belonging to her. If Brown had paid it to any one else Rathburn could have compelled Brown to account for it, and as he has received it, he should be charged with the amount.

Either of the guardians, however, are liable to the ward for the amount so wrongfully paid. The two guardians should be allowed to amend their pleadings, with a view of settling their accounts with each other, but not to affect the rights of the appellees.

The settlement made by the commissioner is so confused and badly copied into the record as to render it difficult to understand it. There is no receipt for $270 paid by Brown to Rathburn on the 4th of July, 1866, for which he seems to have had no credit. He is, however, credited by $220 in Rathburn's settlement and this is doubtless intended for the same sum, as there is no receipt for the last amount. It may be that the figures $270 ought to be $220, or

vice versa; if so, the correction can be made upon the return of the case. The item of $36.76, amount paid by Brown to Panotle, Adm'r, should be allowed him. The case should again be referred to the commissioner for settlement upon the basis herein indicated and without regard to the former settlement made by him. Although there are errors in the record as against Brown, still the appellees as against him have been more prejudiced by the judgment than the appellant. The judgment is therefore reversed on the original and cross appeal at the costs of the appellant. The judgment is also reversed on the appeal of Mays and wife against Rathburn and the cause remanded for further proceedings consistent with this opinion.

*Browne & Lewis, for appellants.*

*Hays, for appellees.*